IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NESTER SANTANA VERGARA, | § | |
| #23410-077, | § | |
| Movant, | § | |
| | § | |
| v. | § | 3:12-CV-0696-K |
| | § | (3:11-CR-0195-K(01)) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are movant Nester Santana Vergara's *pro se*

motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 and the

Government's response. For the reasons set out below, the § 2255 motion is denied.

## I. BACKGROUND

On July 6, 2011, the Government charged movant with illegal reentry after

removal in violation of 8 U.S.C. § 1326(a), (b)(2). On September 27, 2011, movant

pled guilty without a plea agreement. *See United States v. Vergara*, 3:11-CR-195-K (N.D.

Tex.) (docs. 1, 17, 19, 21). Although movant did not plead guilty pursuant to a plea

agreement, he did sign a sentencing agreement with the Government in which he agreed

to waive his right to direct appeal if the Government moved at sentencing for an

additional one-level reduction in his offense level for acceptance of responsibility. This

agreement preserved movant's right to bring a direct appeal challenging his sentence on

the basis that it either exceeded the statutory maximum sentence or was calculated in

error and to challenge, either on direct appeal or collaterally, the voluntariness of his guilty plea or waiver or raise a claim of ineffective assistance of counsel. (doc. 28). On January 25, 2012, this Court sentenced movant to 40 months imprisonment. *Id.*, doc. 30. Movant did not file a direct appeal.

On March 4, 2012, movant mailed his § 2255 motion alleging that his trial counsel was ineffective for failing to seek a continuance and a four-level reduction for participation in the "fast track" program and that the prosecution committed misconduct by colluding to rush petitioner to sentencing so that he would not be eligible for the fast track program. The government filed its response on May 7, 2012. The movant did not file a reply brief.

## II.  ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a movant can collaterally challenge his conviction only on constitutional or jurisdictional grounds.

Furthermore, movant voluntarily pled guilty and waived his right to collaterally attack his conviction, except for claims challenging the voluntariness of his plea and waiver and ineffective assistance of counsel. (*See* doc. 39). Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20

2

F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).  "A defendant's waiver of [his or] her right to appeal is not informed if the defendant does not know the possible consequences of [the] decision." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992).  A defendant's waiver of the right to appeal requires special attention from the district court, and it is the district court's responsibility to ensure that a defendant fully understands his right to appeal and the consequences of waiving that right.  *Id.*

A.    **Ineffective Assistance of Counsel**

In his § 2255 motion, movant alleges defense counsel rendered constitutionally ineffective assistance by failing to seek a continuance of his sentencing so that he would be eligible for the fast-track program.

To establish ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, the outcome would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  A court need not address both components of this inquiry if the petitioner makes an insufficient showing on one.  *Strickland*, 466 U.S. at 697.  To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh.  *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice").  One cannot satisfy the second prong

3

of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

Movant asserts that his attorney was ineffective for failing to seek a continuance in his sentencing so that he would be eligible for the fast-track program. Instead, he was sentenced on January 25, 2012, before March 1, 2012, when the fast-track program became available in the Northern District of Texas. Movant also asserts that his attorney has a "history of discrimination" against Hispanic persons because she failed to seek a continuance in another case.

On January 31, 2012, the Department of Justice issued a memorandum instructing all United States Attorneys to implement fast-track programs in their districts no later than March 1, 2012, in cases where a defendant pleads guilty, pursuant to a plea agreement, to felony reentry. Under the new requirements, the United States Attorneys have the discretion to limit or deny a defendant's participation in the program based on prior violent felony convictions, which is defined to include drug trafficking, and the number of prior deportations. If a defendant is eligible, the attorney for the government shall move for either a four-level downward departure or, in some circumstances where a defendant has a high criminal history category or at least one

4

felony conviction for a serous violent offense, a two-level departure. *See* Memorandum from James M. Cole for U.S. Attorneys (Jan. 31, 2012) ("Fast-Track Memo"), *available at* www.justice.gov/dag/fast-track-program.pdf.

Movant has failed to show deficient performance by his attorney. First, he has not shown that his attorney was aware of this program. Petitioner pled guilty and was sentenced prior to the date the memo was issued. His bare allegation that his attorney was aware of the program is not sufficient to warrant relief. *See United States v. Fields*, 566 F.3d 290, 297 (5th Cir. 2009) (holding that counsel is not deficient for failing to anticipate changes in the law). Second, even had she been aware of the program, the decision whether to seek a sentence reduction lies with the Government, not with the defense. Because defense counsel did not have such authority, movant has not shown that any motion for a continuance based on this program would have been entertained. *See United States v. Brambila*, 2012 WL 6521227, slip op. at *2 (N.D. Tex. Aug. 9, 2012).

Furthermore, movant has not shown any prejudice as a result of any alleged deficiency by his attorney because he has not shown that he would have been eligible for the program. He did not plead guilty pursuant to a plea agreement, as the policy requires. Also, he had previously been convicted of drug trafficking, and had been deported subsequent to this conviction (Pre-Sentencing Report "PSR" at ¶ 15). Therefore, the Government had the discretion to deny his participation in the program on more than one basis.

Finally, movant presents no evidence for his assertion that his attorney was biased

against Hispanic persons.  This conclusory assertion does not entitle him to relief.  *See Miller v. Johnson*, 200 F.3d at 282.  Movant's claim of ineffective assistance of counsel is without merit and is denied.

**B**   **Prosecutorial Misconduct**

Movant further asserts that the prosecutor colluded with defense counsel to rush him to sentencing before the fast-track program was implemented so that he would not benefit from it. This claim is barred by his appellate waiver (*see* doc. 28).  Furthermore, even were it not waived, it is without merit because it is a conclusory allegation with no supporting evidence. Movant's claim of prosecutorial misconduct is also without merit and is denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED

Signed this 10th day of April, 2013.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE